UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS, | Case No.  1:26-cv-02293-FJS (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| UNITED STATES OF AMERICA, | (ECF No. 6) |
| Defendant. | THIRTY (30) DAY DEADLINE |

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  The complaint has not yet been screened.

On April 13, 2026, Plaintiff filed a motion for leave to file an amended complaint to add a new claim and facts.  (ECF No. 6.)  Plaintiff states that since the filing of the complaint, he has determined that additional facts have developed to establish a new legal claim.  (*Id.*)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." (citation and

1

quotation omitted)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to amend shall be granted.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true at the screening stage, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Any amended complaint shall be limited to 25 pages in length, excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by

reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint, (ECF No. 6), is GRANTED;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Plaintiff's first amended complaint, limited to 25 pages in length, excluding exhibits, is due within thirty (30) days from the date of service of this order; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:    **April 14, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

3