UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No.  1:26-cv-02293-KES-FJS (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 9)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br><br><u>THIRTY (30) DAY DEADLINE</u> |

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

On April 15, 2026, the court granted Plaintiff's motion for leave to file an amended complaint to add a new claim and facts. (ECF No. 6.) The court directed Plaintiff to file a first amended complaint, limited to 25 pages in length, excluding exhibits, within thirty (30) days from the date of service of that order and expressly warned Plaintiff that his failure to comply with the court's order would result in dismissal of this action for failure to obey a court order and for failure to prosecute. (*Id.*) On June 2, 2026, following Plaintiff's failure to file an amended complaint, the court issued findings and recommendations to dismiss this action, without prejudice, for failure to obey a court order and failure to prosecute. (ECF No. 9.) The court

directed Plaintiff to file any objections to the findings and recommendations within fourteen (14) days. (*Id.*)

Currently before the court are Plaintiff's objections to the findings and recommendations, filed June 22, 2026. (ECF No. 10.) Plaintiff states that he received the court's findings and recommendations on June 10, 2026, but he did not receive the court's order granting Plaintiff's motion for leave to file an amended complaint. Plaintiff has taken steps with his current institution to address the reason Plaintiff did not receive the court's April 15, 2026, order, and to prevent this from happening in the future. As the delay was not Plaintiff's fault and does not prejudice the opposing party, Plaintiff requests that the court not dismiss the case and allow Plaintiff an opportunity to file an amended complaint or stand on the original complaint. (*Id.*)

Having considered Plaintiff's motion, the court finds it appropriate to vacate the pending findings and recommendations. The court further finds it appropriate to grant Plaintiff a thirty (30) day extension of time to file his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Any amended complaint shall be limited to 25 pages in length, excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a)

2

will the court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations issued on June 2, 2026, (ECF No. 9), are VACATED;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within <u>thirty (30) days</u> from the date of service of this order, Plaintiff shall file a first amended complaint, <u>limited to 25 pages in length</u>, excluding exhibits; and

4.  <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:    **June 24, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3